Filed 11/4/21  P. v. Reyes CA1/3
# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION THREE

THE PEOPLE,

     Plaintiff and Respondent,

v.

OSCAR MARTIN REYES,

     Defendant and Appellant.

A162556

(Sonoma County Super.
Ct. Nos. SCR-738787-1 &
SCR-739863-1)

Defendant Oscar Martin Reyes pled no contest to firearm-related offenses.  Pursuant to the terms of his plea bargain, the People dismissed a pending felony complaint filed against defendant.  After sentencing, defendant filed notices of appeal in both cases, checking the boxes on the Judicial Council forms indicating the appeals "challenge[d] the validity of the plea or admission," and requesting certificates of probable cause.  The trial court denied the certificate requests and deemed the notices of appeal inoperative.[1]  (Cal. Rules of Court, rule 8.304(b)(3).)  Defendant then filed two new notices of appeal, checking the boxes on the Judicial Council forms that the appeals were based on "sentence or other matters occurring after the plea that do not affect the validity of the plea."  His court-appointed counsel has

---

[1]    Nothing in the record suggests that defendant challenged the denial of his requested certificates.

filed a brief raising no issues and seeking our independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).  The brief includes counsel's declaration stating that he informed defendant of his intent to file a *Wende* brief on his behalf, he mailed a copy of the brief to defendant, and he apprised defendant of his right to file a supplemental brief within 30 days.  Two months have now elapsed, and defendant has not filed a supplemental brief.  We affirm the judgment.

### FACTUAL AND PROCEDURAL BACKGROUND

In June 2020, the Sonoma County District Attorney filed a felony complaint (Sonoma County Superior Court case no. SCR-738787-1) charging defendant with discharging a firearm with gross negligence (Pen. Code, § 246.3, subd. (a))[2], and possession of a firearm by a felon (§ 29800, subd. (a)(1)).  The district attorney later filed an amended felony complaint alleging the same counts.  These charges stemmed from defendant shooting a firearm twice in a residential area near a park and an elementary school where there were multiple people, including children.

In July 2020, the District Attorney of Sonoma County filed another felony complaint (Sonoma County Superior case no. SCR-739863-1) charging defendant with possession of a firearm by a felon (§ 29800, subd. (a)(1)) and carrying a loaded firearm after suffering a prior felony conviction (§ 25850, subds. (a), (c)(1)).[3]

Represented by counsel, defendant pled no contest to the charges in case number SCR-738787-1 and waived any potential objections under

---

[2]     All further statutory references are to the Penal Code.

[3]     As defendant's appellate counsel notes, there are no details in the record concerning the facts underlying this latter case, which was ultimately dismissed.

section 654 to the imposition of sentences on both counts. In exchange for his plea, defendant was sentenced to a 16-month term for the section 246.3, subdivision (a) count, and a consecutive eight-month term for the section 29800, subdivision (a)(1) count. Pursuant to the plea, the People dismissed case no. SCR-739863-1. At sentencing, the court suspended imposition of all fines and fees, except that it imposed a $300 restitution fine pursuant to section 1202.4, subdivision (b), and suspended half of that fine.

### DISCUSSION

Defendant's appellate counsel filed a brief pursuant to *Wende*, *supra*, 25 Cal.3d 436, asking this court to independently review the record to determine whether it reveals any arguable issues. As mentioned, counsel's declaration indicates he notified defendant a *Wende* brief would be filed, he provided defendant a copy of the brief, and he informed defendant of his right to file a supplemental brief within 30 days. Defendant has not filed a supplemental brief. Mindful that in the absence of a certificate of probable cause our review is limited to matters that "arose after entry of the plea and do not affect the plea's validity" (Cal. Rules of Court, rule 8.304(b)(4)(B), (5)), we have found no reasonably arguable appellate issue. (*People v. Kelly* (2006) 40 Cal.4th 106, 124.)

### DISPOSITION

The judgment is affirmed.

_____
Fujisaki, Acting P. J.

WE CONCUR:


_____
Petrou, J.


_____
Rodriguez, J.

A162556/*People v. Reyes*

4